# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYNTHIA POLANDO, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO.  CIV-13-0038-HE |
| ) | |
| SEARS, ROEBUCK AND CO., ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Cynthia Polando filed this action in state court against Sears, Roebuck and Company, Whirlpool Corporation, General Electric Company ("GE"), Meyer Manufacturing Company, Limited ("Meyer") and Rachael Ray Digital, L.L.C. ("RRD"),[1] asserting negligence and breach of warranty claims based on damages she allegedly sustained as the result of a defective stove-top electric oven and defective cookware.  GE removed the case and both Meyer and RRD filed motions to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6).  RRD also asserts that the court lacks personal jurisdiction over it. *See* Fed.R.Civ.P. 12(b)(2).

Plaintiff Polando failed to respond to defendants' motions. However, "[u[nder Tenth Circuit precedent ... 'a district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response.'"  Fournerat v. Wisconsin Law Review, 420 Fed.Appx. 816, 819 (10th Cir. 2011) (unpublished) (quoting Issa v. Comp USA, 354 F.3d 1174, 1177 (10th Cir. 2003)), *cert. denied*, ___ U.S. ___ (2011).

---

[1]In its motion to dismiss RRD states that plaintiff incorrectly identified it, that its correct name is Rachael Ray Digital LLC.

When considering whether a plaintiff's claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint must provide sufficient factual allegations to "raise a right to relief above the speculative level." *Id.* at 555.

Considering plaintiff's claims against defendant Meyer under this standard, the court concludes Meyer's motion to dismiss should be granted. As Meyer points out, the only factual allegations pertaining to it in the petition are that it manufactured the cookware plaintiff was using at the time of the alleged accident and that the cookware "failed to properly sustain the arc of electricity," allowing "the arc to jump to the Plaintiff causing her burns." Petition, ¶¶ 17(a),10. The remainder of plaintiff's allegations consist of conclusory statements, such as "[t]he product was defective at the time it was manufactured and at the time it was marketed and sold." *Id.* at ¶ 17(b). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," Twombly, 550 U.S. at 555, plaintiff has not "nudged [her negligence/products liability and breach of warranty] claims across the line from conceivable to plausible." *Id*. at 570. Meyer's motion to dismiss will be granted.

Although the same deficiencies exist with respect to plaintiff's claims against defendant RRD, the court concludes it lacks personal jurisdiction over RRD. Plaintiff has

not alleged a basis for the court to exercise either general or specific jurisdiction over the company. She also failed to controvert RRD's evidence demonstrating that it lacks sufficient contacts with the State of Oklahoma to be subjected to the court's in personam jurisdiction.[2] Plaintiff has the burden of establishing the jurisdictional facts, Benton v. Cameco Corp., 375 F.3d 1070, 1074 (10th Cir. 2004), and she has not met that burden here. As the court lacks personal jurisdiction over RRD, its motion to dismiss will be granted. Fed.R.Civ.P.12(b)(2).

Accordingly, the motions to dismiss filed by defendants Meyer Manufacturing Company, Limited [Doc. #18]and Rachael Ray Digital, LLC [Doc. #19] are **GRANTED**. Plaintiff's claims against them are **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 4th day of March, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2]In a removed case, the inquiry is whether the state court from which the case was removed had the necessary jurisdictional contacts. 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Joan E. Steinman, Federal Practice and Procedure § 3738 at 712-13 (4th ed.2009).